IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LYNN BAUMAN, )
 )
    Plaintiff, )
 )
v. ) Case No. 19-CV-783-RJD
 )
PROTESTANT MEMORIAL MEDICAL )
CENTER d/b/a/ MEMORIAL HOSPITAL )
and JAN GREENWOOD, )
 )
    Defendants. )

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant Jan Greenwood's Motion to Dismiss (Doc. 12). Plaintiff timely filed a response (Doc. 20).

### **Background**

Plaintiff filed a Complaint against Defendants on March 1, 2018 in the Circuit Court of St. Clair County, Illinois. On June 19, 2019, Plaintiff filed an Amended Complaint against Defendants in the Circuit Court of St. Clair County, Illinois, which was timely removed to federal court. Plaintiff's Amended Complaint contains the following claims:

| | |
|---|---|
| Count 1: | Violation of ADEA (Age) against Memorial Hospital |
| Count 2: | Violation of ADEA (Retaliation-Age) against Memorial Hospital |
| Count 3: | Violation of IHRA (Age) against Memorial Hospital |
| Count 4: | Violation of IHRA (Age-Retaliation) against Memorial Hospital |
| Count 5: | Retaliatory Discharge for Reports of Employer's Illegal Activity against Memorial Hospital |
| Count 6: | Intentional Interference with Economic Advantage against Greenwood |

Defendant Greenwood's Motion to Dismiss pursuant to Rule 12(b)(6) argues that there is no existing cause of action for intentional interference with economic advantage. Plaintiff

contends there is a cause of action for intentional interference with an economic relationship and that the Amended Complaint contains sufficient allegations to sustain a claim for Greenwood's interference with Bauman's relationship with Memorial Hospital, her employer.

**Legal Standard**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must also draw all reasonable inferences and facts in favor of the plaintiff. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

**Analysis**

A cause of action for tortious interference with prospective economic advantage in an employment relationship requires proof that (1) plaintiff had a reasonable expectation of continued employment, (2) defendant knew of that expectancy, (3) defendant interfered for the purpose of defeating plaintiff's expectancy, and (4) plaintiff incurred damages as a result of such interference. *Kelman v. Woolrich, Inc.*, 2002 WL 356389, at *12 (N.D. Ill. Mar. 5, 2002) (relying on *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991); *Vickers v. Abbott Labs.*, 719 N.E.2d 1101, 1116 (1st Dist. 1999). Normally such a claim "lies only against a third party who causes the employer/employee relationship to end" and not corporate officers, supervisors or co-workers, who are generally shielded from personal liability by the "corporate officer" privilege in acting on

behalf of the corporation. *Naeemullah v. Citicorp Servs., Inc.*, 78 F.Supp.2d 783, 793 (N.D. Ill. 1999). A claim against a co-worker will not be defeated, however, if plaintiff can show, with respect to the third prong, that the defendant acted maliciously—that is, "with personal animosity against him and that he acted for his own personal interests—contrary to those of the corporation." *Id*.

Plaintiff alleges in the Amended Complaint (Doc. 1-1) that she (1) had a valid business expectancy with her employment at the BJC (Count VI, ¶12); (2) Greenwood was knowledgeable of Plaintiff's business expectancy with her employment (Count VI, ¶13); (3) Greenwood intentionally interfered with Bauman's economic relationship that she had through her employment (Count VI, ¶14); and (4) as a proximate result of Greenwood's intentional interference with economic advantage, Bauman lost wages and fringe benefits and will continue to lose wages and fringe benefits in the future (Count VI, ¶16). Plaintiff specifically alleges Greenwood "acted maliciously with personal animosity against Bauman" and "Greenwood acted for her own personal interests contrary to those of the corporation" (Count VI, ¶15).

Accepting as true all of the factual allegations contained in the Amended Complaint, the requisite elements have been pled for a claim of intentional interference with prospective economic advantage. Defendant Greenwood is not entitled to dismissal of Count VI pursuant to 12(b)(6).

## Conclusion

For the reasons set forth above, Defendant Greenwood's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** December 20, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**