IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNN BAUMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-783-RJD |
| ) | |
| JAN GREENWOOD and PROTESTANT ) | |
| MEMORIAL MEDICAL CENTER, d/b/a ) | |
| Memorial Hospital, ) | |
| ) | |
|     Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 35). Defendants did not file a Response. As explained further, Plaintiff's Motion is GRANTED.

Plaintiff filed this suit on March 1, 2018 in the Circuit Court of St. Clair County, Illinois. On June 19, 2019, Plaintiff filed an Amended Complaint containing four claims brought under Illinois state law and two claims brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq* ("ADEA"). Defendants removed the case to this Court based on federal question jurisdiction, 28 U.S.C. §1331.

On October 15, 2020, Plaintiff filed a Motion to Dismiss her ADEA claims. The next day, Plaintiff filed a Motion to Remand this matter to the Circuit Court of St. Clair County, contending that the Court would no longer have subject matter jurisdiction once the Motion to Dismiss was granted. Defendants never responded to either the Motion to Dismiss or Motion to Remand.

This Court denied Plaintiff's Motion to Dismiss on December 9, 2020, noting that Federal Rule of Civil Procedure 41 does not allow parties to carve out one claim or party from a larger

case.  *See Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015).   The Court ordered Plaintiff to either file an Amended Complaint or a notice stating that she intended to pursue her ADEA claims.  Plaintiff filed an Amended Complaint on December 14, 2020, proceeding only with her Illinois state law claims.

When a case is before the Court pursuant to federal question jurisdiction, the Court may, in its discretion, relinquish that jurisdiction once the federal claims have been dismissed.  28 U.S.C. §1367(c)(3).  The Court may retain jurisdiction under the following circumstances: "(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided."  *RQJ Mgmt. Co., Inc. v. BP Prod. N. Am., Inc.,* 672 F.3d 476, 480 (7th Cir. 2012).

None of those circumstances are present in this case.   Because the case will be remanded, the statute of limitations is not an issue.  The Court has not ruled on any summary judgment motions (nor have any been filed), so substantial judicial resources have not already been committed to this case.  It is also not clear to this Court how the case will be decided. Accordingly, Plaintiff's Motion to Remand (Doc. 35) is GRANTED.   This matter shall be remanded to the Circuit Court of St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED: December 28, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**